**ALLADIN PLASTICS, INC., a California corporation, Appellant,**

v.

**JERROLD STEPHAN CO., a Minnesota corporation, Appellee.**

**No. 19494.**

United States Court of Appeals
Ninth Circuit.
May 20, 1966.

---

Oscar A. Mellin, Carlisle M. Moore, Mellin, Hanscom & Hursch, San Francisco, Cal., Bernard Kriegel, Los Angeles, Cal., for appellant.

Raymond A. Bogucki, Robert H. Fraser, Fraser & Bogucki, Los Angeles, Cal., for appellee.

Before POPE, KOELSCH, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

This is an appeal from a partial summary judgment entered in an action for patent infringement, trademark infringement, and unfair competition. The judgment declared the following patents invalid: Lalandre Patent No. 3,032,375, Avendon Patent No. 3,034,830, and Avendon and Lalandre Design Patent No. D–192,029. It also denied relief to appellant, defendant below, on its counterclaims for alleged infringement of Trademark Registration No. 736,402, and for alleged unfair competition. We affirm.

I

A patent may be declared invalid by summary judgment on the ground of obviousness (35 U.S.C. § 103) if it appears from undisputed facts that the subject matter of the patent would have been obvious to a person skilled in the art who was aware of such matters as were in the public domain. Walker v. General Motors Corp., 362 F.2d 56 (9th Cir. 1966).

Patent No. 3,032,375 claims an improvement in the manner of attaching removable legs to the underside of a molded plastic "bucket seat" chair. Each leg end is slotted and inserted in a socket having a slightly smaller diameter than the leg. The tendency of the slotted leg to expand holds it in place in the socket. We agree with the district court that wedging a slotted leg-end into a receiving socket would have been obvious to one of ordinary mechanical skill.

Patent No. 3,034,830 discloses a bucket seat chair composed of "flexibly resilient" plastic material, shaped so that its back and side portions move inward under the weight of the user, giving him a "custom-contoured" feeling. Concededly, bucket seat chairs were common. To slightly alter the curvature and make the bucket of resilient material were obvious expedients producing expected results. Cf. Griffith Rubber Mills v. Hoffar, 313 F.2d 1, 3–4 n. 14 (9th Cir. 1963).

Design Patent No. D–192,029 discloses a chair seat which has precisely the same shape as that disclosed in mechanical Patent No. 3,034,830, the only difference being that it is constructed of flexible material. Patent D–192,029 may have been invalid under the rule recently applied in Bentley v. Sunset House Distrib. Corp., 359 F.2d 140, 145 (9th Cir. 1966), but we need not rest affirmance upon that ground. The minor modifications of size and curvature of prior art chairs reflected in the D–192,029 design are insufficient to satisfy the tests of 35 U.S.C. § 171. Appellant's contention that questions of fact were raised

as to the prior art status of French Patent No. 1,236,664 may be well taken; but there is no substance to appellant's similar contention as to the photograph in the April 1958 issue of the magazine "Art and Decoration." Bogucki's affidavit was sufficient proof of publication of the latter to require a showing by appellant that contradiction was possible. See First Nat. Bank in Billings v. First Bank Stock Corp., 306 F.2d 937, 942–943 (9th Cir. 1962).

■ All three patents are readily understood. The claimed advances over prior art are clearly described in appellant's answers to interrogatories. Detailed exposition of the prior art and of the level of skill of persons engaged in it were unnecessary, for it is clear from the undisputed facts that the patents disclose advances which would have been obvious. The advances being obvious, appellant's proffered evidence of the pre-patent problems and the success of appellant's patented solutions could not have affected the result. Walker v. General Motors Corp., 362 F.2d 56 (9th Cir. 1966).

## II

■■ The district court found that appellee's use of the trademark "Con-Form-Chair" (or "Con-Form") did not infringe appellant's statutory or common law rights in the trademark "Form-Fit," because there was no likelihood of confusion of source. We agree that likelihood of confusion was not established by a simple comparison of the sound, appearance, and meaning of the two marks. In these circumstances, appellee "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), Fed.R. Civ.P. Appellant offered no showing that it had available extrinsic evidence of likelihood of confusion. Sum-

mary judgment as to this issue was therefore proper.

## III

Appellant did tender evidence that appellee's chair was advertised by retailers under the appellant's mark of "Form-Fit," and also under the mark "Form-Fitting." However, as appellant points out, this use was not alleged in the pleadings nor considered by the district court, and the judgment is not to be read as encompassing it.

Appellee concedes that the issue of alleged "palming off" of appellee's product as that of appellant was not considered by the district court and that the general language of the judgment is not to be read as determining that issue.

Read as indicated in Part III of this opinion, the partial summary judgment is affirmed.