CALIFORNIA SHIPPING CO., Inc. and
Fred F. Noonan Co., Inc., Appellants,

v.

PACIFIC FAR EAST LINE, INC.,
and United States Lines, Co.,
Appellees.

No. 26112.

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1971.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1501.

David C. Nolan (argued), Francis L. Tetreault, of Graham & James, San Francisco, Cal., for appellants.

John Hays (argued), of Dorr, Cooper & Hays, John Edward Hurley, Jr. (argued), Norman B. Richards, Mark O. Kasanin, of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for appellees.

Before MERRILL, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment in a case in which appellants allege that through an illegal conspiracy between appellees, in connection with the postponement of the sale of SS AMERICAN SCIENTIST [Scientist], a vessel owned by United States Lines [USL], they were deprived of the purchase of the vessel. Ultimately, negotiations were completed, a sales price agreed upon, but the sale did not take place because United States Maritime Administration [MARAD] did not approve. Such approval was a condition to the validity of the sale.[1] Discovery procedures, including interrogatories and depositions, were extensively employed on the motion for summary judgment.

Appellants contend that the principal reason for disapproval of the sale, was that effective December 21, 1967 certain guidelines for charges on government freight were revised upwards, thereby increasing the value of ships which carried such freight. They argue that had the sale proposal been concluded and

---

1. "During the term of this agreement the Operator [USL] shall not without the prior approval of the United States [MARAD] . . . (2) except in the ordinary course of business, effect any substantial acquisition *or disposition of assets.* . . ." (Emphasis supplied.) [From Operating Differential Subsidy Contract between United States Lines and the United States of America].

earlier presented for approval, the sale would have been approved.

We search in vain for any evidence which supports the appellants' contention that MARAD would have approved the sale for the price of $385,000.00. For that matter, the MARAD officer, whose duty it was to pass upon proposed sales, when asked by written interrogatory whether the sale of the SCIENTIST would have been approved at the proposed price of $385,000.00 answered, "No." Moreover, he testified that the Ship Valuation Committee had reviewed other sales of vessels comparable to the SCIENTIST and that the committee had concluded, on several occasions, during November and December, 1967, that a vessel of this type, in good condition, had a cash domestic value of $450,000.-00. Appellants argue that the answer, "No" is a mere opinion. Opinion or not, it is evidence and the appellants presented no evidence to the contrary.

In attempting to create a "genuine issue of fact", under Rule 56(e), FRCivP, appellants rely on a vague memorandum. The most that can be said of the memorandum, together with the employee's explanation of it, is that one official at USL thought, or hoped, that the proposed deal would meet with MARAD approval. However, the only substantive evidence on the subject is the testimony of the man who made the decision, that is, Mr. Aptaker. Even conceding, as we do, that summary judgments are seldom allowed in conspiracy cases, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), the fact remains that appellants failed to come forward with evidence which would create a genuine issue of fact. Consequently, the judgment of the trial court must be affirmed. United States v. Gossett, 416 F.2d 565 (9th Cir. 1969), cert. denied 397 U.S. 961, 90 S.Ct. 992, 25 L.Ed.2d 253 (1970); Adickes v. S. H. Kress & Co., 398 U.S. 144, 159–161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

It is so ordered.