Frank KEPPARD, Appellant,

v.

INTERNATIONAL HARVESTER CO. and International Union, United Automobile-Aerospace-Agricultural Implement Workers of America, Appellees.

No. 75-3602.

United States Court of Appeals, Ninth Circuit.

Sept. 7, 1978.

Frederic L. Harvey (argued), Berkeley, Cal., for appellant.

Noble K. Gregory, San Francisco, Cal. (argued), Lawrence Rosenzweig (argued), of Levy, Koszdin & Woods, Los Angeles, Cal., for appellees.

Before KILKENNY and GOODWIN, Circuit Judges, and PALMIERI *, District Judge.

GOODWIN, Circuit Judge:

A union member appeals a summary judgment denying relief in his action against his union for failure to represent him and against his employer for back pay. Frank Keppard is an employee of International Harvester and a member of the United Automobile Workers. In 1966 he was injured on the job and became unable to work. He sought to return to work in 1971, but International refused to take him back. He thereupon filed a grievance with the union. The grievance went to binding medical arbitration, resulting in an award in his favor. He returned to work.

Keppard next asked the union to press his claim for two years' back pay for the period between his request to return to work and his actual reemployment. The local union eventually compromised Keppard's claim, as part of a package resolving a number of grievances during the negotiations for a new contract. When union officials announced the compromise and settlement at a union meeting, Keppard said he would not accept the $2,500 awarded him and said he would hire an attorney. Later, however, he accepted and cashed a check for the compromise amount after being told that the local in ratifying its new contract had agreed to the settlement.

Keppard's check contained no written notice that it was in full settlement of his claim, and he states that he did not know that accepting the check might preclude him from seeking more through an attorney. He says that he would not have accepted it if he had known.

* Honorable Edmund L. Palmieri, United States District Judge for the Southern District of New York, sitting by designation.

Keppard did not pursue any intraunion remedies for the local's handling of his grievance. Instead, he brought this suit against both the union and the company in state court, claiming that the UAW had breached its duty of fair representation and that the company owed him back pay. International removed the suit to federal court. Both defendants moved for summary judgment. The record includes affidavits of all the parties in support or opposition. The district court granted the union's motion because of Keppard's failure to exhaust his intraunion remedies and the company's motion on the ground that Keppard's acceptance of the check constituted an accord and satisfaction.

## I. *Claim Against the Union*

■■■ Keppard is suing under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, which allows actions in federal court to enforce collective-bargaining agreements. A § 301 suit by an employee has two distinct phases if the agreement has a grievance procedure culminating in arbitration. The employee must first show that the union's handling of the grievance violated the union's duty of fair representation. Only after making this showing may the employee avoid the usual finality of the grievance process and sue the company directly on the agreement. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Federal courts also have § 301 jurisdiction to decide fair representation claims against the union alone, because the union's duty of fair representation is part of its obligation to negotiate and administer the contract. *Seay v. McDonnell Douglas Corp.,* 427 F.2d 996, 1000-01 (9th Cir. 1970).

The district court held that, as a matter of law, Keppard's failure to exhaust his intraunion remedies foreclosed his fair representation claim.

■■■ There is nothing in appellant's pleadings, answers to interrogatories, admissions, or in his affidavit that would in any way indicate that he was claiming that

a further pursuit of remedies *would be futile.* The question of exhaustion does not end with an allegation of unfair representation by the union. The aggrieved employee must show that he has appealed his local's decision to higher tribunals within the international union, or show that such an appeal would have been futile. *Aldridge v. Ludwig-Honold Manufacturing Co.,* 385 F.Supp. 695, 697 (E.D.Pa.1974).

Moreover, under the provisions of Rule 56(e), Fed.R.Civ.P., the burden was on the appellant to respond by affidavits or otherwise and set forth specific facts showing that there is a genuine issue for trial. Here, the appellees by written interrogatories and requests for admissions and answers thereto, gave appellant every opportunity to make a claim setting forth specific facts showing that there was a genuine issue for trial on his present claim that an exhaustion of remedies would have been futile. Instead, in his responses to a request for admissions by the appellees, the appellant admitted that (1) he never appealed his grievance settlement to the Constitutional Convention Appeals Committee; (2) he never instituted proceedings pursuant to the appeals provisions set forth in Article 33 of the UAW Constitution with respect to any of the matters alleged in his complaint; and (3) he never appealed his grievance settlement to the Public Review Board, as permitted under the provisions of Article 32 of the UAW Constitution.

In construing the language of Rule 56(e), our circuit has said that a party cannot rely on the allegations in his pleadings, but is required, by affidavit or otherwise, to set forth specific facts showing that there was a genuine issue of fact for trial. *Saxony Products, Inc. v. Guerlain, Inc.,* 513 F.2d 716, 723, n. 20 (9th Cir. 1975); *Alladin Plastics, Inc. v. Jerrold Stephan Co.,* 362 F.2d 532, 534 (9th Cir. 1966). In *United States v. Gossett,* 416 F.2d 565, 567 (9th Cir. 1969), cert. denied, 397 U.S. 961, 90 S.Ct. 992, 25 L.Ed.2d 253 (1970), we emphasized that the obvious purpose of the 1963 amendment to Rule 56(e) was to require a party opposing a summary judgment to set forth specific

facts showing a genuine issue for trial, thus strengthening this procedural tool as a means to eliminate sham issues of fact and, in this manner, avoid otherwise lengthy trials. 416 F.2d at 567. The *Gossett* interpretation of the rule has been approved as recently as *Kelly v. Springett,* 527 F.2d 1090, 1092–93 (9th Cir. 1975). *See also California Shipping Co. v. Pacific Far East Line, Inc.,* 453 F.2d 380, 381 (9th Cir. 1971, *cert. denied,* 405 U.S. 1066, 92 S.Ct. 1501, 31 L.Ed.2d 796 (1972). There was no error in granting the union's motion.

## II. *Claim Against the Company*

 When Keppard accepted and cashed his check, he knew that the company considered it a full settlement of his back-pay claim. He was told at the union meeting that the union had settled his grievance. He took the check after a union official told him that it was a settlement check and that the union in ratifying the new contract had agreed to the settlement of his grievance. The district court considered only these facts, which were in Keppard's affidavit, and held that his action consummated an accord and satisfaction under California law. In this it was correct.

"[W]here a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted 'in full discharge of his claim' or not at all, the retention and use of such check or draft constitutes an accord and satisfaction". *Potter v. Pacific Coast Lumber Co.,* 37 Cal.2d 592, 234 P.2d 16, 19 (1951).

While International, according to Keppard's version, gave him neither written nor oral warning that the check was in full satisfaction of his claim against it, the surrounding circumstances were sufficient to give him notice of that fact. His subjective failure to understand the effect of accepting the check may reflect upon the UAW performance in advising and representing him, but the employer was still entitled to rely on his objective manifestations and the union's fulfilling its duty. In contrast to

*California Metal Enameling Co. v. Waddington,* 74 Cal.App.3d 391, 141 Cal.Rptr. 443 (1977), there was no action by the parties to cast doubt on their belief that they had reached an accord. The summary judgment in favor of both defendants must be affirmed.

Affirmed.