Thomas Lowell **KETCHUM,**
Jr., Plaintiff,

v.

**U.S. DEPARTMENT OF TRANSPORTATION,** Federal Aviation Administration, Edward Lee Couch, Air Traffic Manager, Reno ATC Tower, NV., Defendants.

No. CV–N–87–10–ECR.

United States District Court,
D. Nevada.

Oct. 9, 1987.

**3.** Prosser calls this a "makeweight" argument, but the court does not believe it should be   dismissed so lightly.

Thomas L. Ketchum, Jr., in pro per.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This case was brought *pro se* on January 8, 1987, by Thomas Lowell Ketchum. He sues the United States Department of Transportation, the Federal Aviation Administration ("FAA"), and Edward Lee Couch, an air traffic control manager in Reno, Nevada. The Complaint states that "Defendants are operating under the authority of the United States Government," and asserts subject matter jurisdiction based upon the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671–2680.

The Complaint alleges that plaintiff, in early 1984, was an air traffic controller. At about that time he alleges that he testified on behalf of a former fellow employee at an administrative hearing on the subject of possible discrimination related to the employee's discharge. The plaintiff alleges also that in February, 1984, he reported illegal substance abuse by fellow air traffic controllers to the United States Department of Transportation. According to plaintiff, following these events documentation of alleged unsatisfactory job performance on his part began to appear, and in a matter of two days he was removed from certain duties and barred from certain training. In March of 1984, plaintiff alleges, defendant Couch proposed plaintiff's removal from the FAA. The proposal by Couch was based on the grounds that plaintiff had displayed unsatisfactory job performance, plaintiff had failed to recertify for his prior duties although provided a qualified instructor, and plaintiff had refused to accept a reassignment to a location in California. The plaintiff at the time maintained that the instructor provided for his recertification was not qualified to instruct the plaintiff in accordance with FAA regulations. On August 21, 1984, Couch effected the plaintiff's removal.

Next plaintiff alleges that, in the course of the ensuing administrative hearings concerning plaintiff's discharge, Couch altered documents and presented perjured testimony in order to bolster the case against plaintiff.

Finally, the plaintiff alleges that the FAA's discharge of plaintiff was unlawful in that the agency failed to comply with federal law which requires the Office of Personnel Management to review a performance appraisal system developed by any government agency prior to the system's use in a performance-based action concerning government employees.

The defendants filed a Motion to Dismiss (docket #11) on March 12, 1987. The plaintiff opposed the motion on April 2, 1987 (docket #12). There was no reply by the defendants. The Motion to Dismiss, now before the Court, is based on the doctrine of *res judicata;* defendants assert that the propriety of the plaintiff's discharge has already been litigated before the Merit Systems Protection Board ("MSPB") and, on appeal, before the United States Court of Appeals for the Federal Circuit.

The Court has two reservations concerning the applicability of the doctrine of *res judicata* in this case. First, there is an important facet of the present case which has not been litigated in another forum: the alleged fraud—alteration of evidence and perjury—on the part of defendant Couch. Second, the *res judicata* effect of the prior litigation may be undermined by the fraud alleged by the plaintiff. *See Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Miller v. United States*, 438 F.Supp. 514, 523 (E.D.Pa.1977).

The Court, however, does find compelling reasons to dismiss the plaintiff's complaint as against the Department of Transportation and the FAA.

■ To the extent that plaintiff's action is one contesting his dismissal from employment as an air traffic controller, this Court is without jurisdiction to entertain it. The Civil Service Reform Act ("CSRA") of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5) provides remedies for federal employees discharged wrongfully, as plaintiff alleges he was. The CSRA is comprehensive and is intended to balance the right of federal employees to obtain redress for employment-related grievances against the interest in promoting an efficient civil service. *Lehman v. Morrissey*, 779 F.2d 526, 527 (9th Cir.1985). The CSRA preempts those claims made by plaintiff which are based on his alleged unlawful discharge by the FAA. *See Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). The same is true regarding the plaintiff's claim that the FAA failed to obtain a review of its performance appraisal system from the Office of Personnel Management. This Court is without jurisdiction to entertain such claims.

■ The analysis is different to the extent that plaintiff's action is based on alleged fraud on the part of defendant Couch in the course of the administrative procedures. With respect to this facet of plaintiff's action, the Court sees no basis for the maintenance of the action against the FAA or the Department of Transportation. The FTCA has an exception at 28 U.S.C. § 2680 which precludes actions under that authority based upon fraud. *See Genson v. Ripley*, 544 F.Supp. 251, 253 (D.Ariz.1981), *affirmed*, 681 F.2d 1240 (9th Cir.1982), *cert. denied*, 459 U.S. 937, 103 S.Ct. 245, 74 L.Ed.2d 193 (1982). Further, if the plaintiff's fraud claim is construed as a *Bivens* action (*see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), it cannot be maintained against the FAA and the Department of Transportation. *Bivens* allows suits against individual government officers, not government agencies.

■ It does appear, though, that the plaintiff has stated a *Bivens* cause of action against defendant Couch for denial of his constitutional right to due process of law by falsification of evidence before the MSPB. That part of plaintiff's action survives the Motion to Dismiss.

The Court finds that the plaintiff should be allowed time to amend his complaint to state a valid cause of action against the Department of Transportation and the Federal Aviation Administration.

IT IS, THEREFORE, HEREBY ORDERED that the plaintiff is allowed twenty (20) days from the date of this order within which to amend his complaint such that it states a valid cause of action against the defendant Department of Transportation and/or the defendant Federal Aviation Administration. If the plaintiff fails to so amend his complaint, the present Motion to Dismiss will be granted with respect to those defendants.

IT IS FURTHER ORDERED that defendants Motion to Dismiss (docket # 11) is *DENIED* with respect to defendant Edward Lee Couch.