Thomas Lowell **KETCHUM,**
**Jr., Plaintiff,**

v.

**U.S. DEPARTMENT OF TRANSPORTATION, Federal Aviation Administration, Edward Lee Couch, Air Traffic Manager, Reno ATC Tower, NV., Defendants.**

**No. CV–N–87–10–ECR.**

United States District Court,
D. Nevada.

Aug. 11, 1988.

Glade L. Hall, Reno, Nev., for plaintiff.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., and Joan Vance Johnson, Office of the Chief Counsel, Federal Aviation Admin., Washington, D.C., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This case was brought *pro se* on January 8, 1987, by Thomas Lowell Ketchum. Since that time Mr. Ketchum has retained counsel.

The plaintiff sued the Department of Transportation, the Federal Aviation Administration, and Edward Lee Couch, an air traffic control manager in Reno, Nevada. By order of August 8, 1988, the Court dismissed all plaintiff's claims against the Department of Transportation and the Federal Aviation Administration. Also, by order of October 9, 1987, 672 F.Supp. 450, the Court ruled that certain of the plaintiff's claims against Mr. Couch are untenable. What remains is a claim by plaintiff that defendant Couch denied plaintiff due process of law by falsification of evidence in proceedings before the Merit Systems Protection Board ("MSPB").

This case is before the Court on a motion for summary judgment filed by defendant Couch on January 8, 1988. The plaintiff opposed the motion on February 10, 1988. Defendant Couch did not reply.

The motion for summary judgment is based on two grounds. First, the defendant argues that this action is precluded by the existence of the comprehensive scheme of remedies for federal employees set up by the Civil Service Reform Act of 1978 ("CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5); defendant cites *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). Second, the defendant argues that he is absolutely immune from this suit.

 The CSRA provides remedies for federal employees discharged wrongfully, as the plaintiff alleges he was. The CSRA is comprehensive and is intended to balance the right of federal employees to obtain redress for employment-related grievances against the interest in promoting an efficient civil service. *Lehman v. Morrissey*, 779 F.2d 526, 527 (9th Cir.1985). The regulatory scheme provided by the CSRA is not to be supplemented with judicial remedies. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). Thus, this Court has ruled that the CSRA preempts those claims made by plaintiff which are based on his alleged unlawful discharge. *See* Order, October 9, 1987, 672 F.Supp. at page 452. The Court now determines that plaintiff's action against defendant Couch for violation of his right to due process of law through falsification of evidence before the MSPB is also precluded.

The plaintiff's chance to attack the veracity of evidence presented before the MSPB was before the MSPB. The MSPB came to conclusions regarding the evidence before it. If this Court were to reevaluate evidence presented to the MSPB it would be creating judicial remedies alongside the remedies provided by the CSRA in violation of the rule of *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). The proceedings before the MSPB included meaningful remedies sufficient to protect plaintiff's constitutional right to due pro-

cess of law. *See Kotarski v. Cooper*, 799 F.2d 1342, 1374 (9th Cir.1986).

 Moreover, the Court notes that, to the extent that defendant Couch acted in the capacity of a witness in presenting evidence to the MSPB, he is shielded from plaintiff's action by the absolute immunity of witnesses. *See Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Butz v. Economou*, 438 U.S. 478, 512–17, 98 S.Ct. 2894, 2913–16, 57 L.Ed.2d 895 (1978) (absolute immunity doctrines apply in administrative adjudications).

The plaintiff's claims based upon actions taken by defendant Couch before the MSPB may not be maintained.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's due process claims against defendant Couch are *DISMISSED*.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment in favor of the defendants and against the plaintiff.