46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOCOMOTOR USA, INC., a California corporation, Plaintiff/Appellant,
v.
KORUS COMPANY, INC., a California corporation; Kyong Un Lim;
Hye Kyung Lim; Chin-Taing Lin; Taiwan Transworld Co., Ltd.,
a corporation; Swinstar Inc., a corporation; K & H
International, and John Does and XYZ Companies,
Defendants/Appellees.
LOCOMOTOR USA, INC., a California corporation, Plaintiff/Appellee,
v.
KORUS COMPANY, INC., a California corporation; K & H
International, and John Does and XYZ Companies,
Defendants/Appellants,
and
Kyong Un Lim; Hye Kyung Lim; Chin-Taing Lin; Taiwan
Transworld Co., Ltd., a corporation; Swinstar
Inc., a corporation, Defendants.
 Nos. 93-56032, 93-56622.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 5, 1994.
Decided: Jan. 6, 1995.
 
 Before: BROWNING, ALDISERT* and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These consolidated cases involve an appeal at No. 93-56032 by Locomotor U.S.A. from a district court order granting summary judgment in favor of Korus Co. on Locomotor's claims of trademark infringement, false designation of origin and unfair competition, and an appeal at No. 93-56622 by Korus from a district court order imposing $10,000 in Rule 11 sanctions against Locomotor's counsel and rejecting Korus' request for attorneys' fees and costs. We affirm the district court judgment with respect to Locomotor's claim of trademark infringement and reverse with respect to its claims of false designation of origin and unfair competition. Moreover, because the district court may have imposed Rule 11 sanctions against counsel for Locomotor in part because it concluded Locomotor pursued a frivolous claim at trial, we remand for reconsideration of the Rule 11 issue.[1]
 
 
 3
 Jurisdiction was proper in the trial court based on 28 U.S.C. Sec. 1338. This court has jurisdiction under 28 U.S.C. Sec. 1291. Appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.
 
 
 4
 Locomotor imports and sells soft-sided luggage in the United States. Since January 1990, it has owned a federal trademark on its house mark LOCOMOTOR and has incorporated that mark into various logo designs affixed to its bags and hand tags. Since 1986 Korus, a competitor, has imported and sold a substantially similar line of bags in the United States using its own unique logo design. Korus sells its bags through the same channels of commerce as Locomotor and targets the same consumers. In January 1992 Korus changed its house mark from KORUS to LAKORUS and began using a new logo design on its bags and hang tags that shared many of Locomotor's logo design elements.
 
 
 5
 On October 1, 1992 Locomotor filed a complaint against Korus alleging false designation of origin and unfair competition. On October 7, 1992 Locomotor applied for and obtained an ex parte temporary restraining order and an expedited discovery order based on allegations that Korus engaged in "trademark counterfeiting," even though Locomotor's mark was unregistered at the time. Six days later, Locomotor received a United States Trademark on the name LOCOMOTOR, but not for its bag designs or logo. Thereafter, Locomotor amended its original complaint to add additional party defendants as well as a claim for trademark infringement.
 
 
 6
 On March 15, 1993, the district court granted Korus' motion for summary judgment on all counts. The court held that Locomotor failed to: (1) introduce sufficient, competent evidence raising a triable issue of fact with respect to likelihood of confusion, a key component of its trademark infringement claim, (2) demonstrate intent to copy or secondary meaning, a key component of its false designation of origin claim, and (3) introduce sufficient, competent evidence raising a triable issue of fact with respect to its unfair competition claim.
 
 
 7
 On May 17, 1993, the court granted Korus' motion for Rule 11 sanctions on the ground that Locomotor's counsel "did not initiate or prosecute this matter 'after reasonable inquiry,' and this lawsuit was not 'well grounded in fact and ... warranted by existing law or [by] a good faith argument for [modification] of existing law." Locomotor USA, Inc. v. Korus Co., Inc., No. CV 92-5948, 1993 WL 336299 at * 5 (C.D. Cal. May 17, 1993) (citing Fed. R. Civ. P. Rule 11). The court did not award Korus attorneys' fees or costs, nor did it impose sanctions against Locomotor itself.
 
 
 8
 In appeal No. 93-56032, Locomotor contends the district court erred: (1) in granting summary judgment against it on its trademark infringement cause of action because it introduced evidence of likelihood of confusion sufficient to create a genuine issue of material fact; (2) in granting summary judgment against it on its false designation of origin cause of action because it introduced evidence of likelihood of confusion and secondary meaning sufficient to create a genuine issue of material fact, and (3) because the court failed to examine the inherent distinctiveness of Locomotor's logo design elements.
 
 
 9
 In appeal No. 93-56622, Korus contends that the district court abused its discretion: (1) by imposing Rule 11 sanctions against Locomotor's counsel but not against Locomotor as well, (2) by refusing to find this case "exceptional" under the Lanham Act, 15 U.S.C. Sec. 1117(a), which would have justified an award of attorneys' fees and expenses, and (3) by failing to award sanctions under 28 U.S.C. Sec. 1927 and the court's inherent powers.
 
 
 10
 "The standard of review of a grant of summary judgment is de novo. Summary judgment may be granted when, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of fact remain and the movant is entitled to judgment as a matter of law. Summary judgment must be entered against a party who fails to present evidence sufficient to establish an essential element of that party's case." Cleary v. News Corp., 30 F.3d 1255, 1259 (9th Cir. 1994) (citations omitted).
 
 I.
 
 11
 Count One of Locomotor's complaint concerns infringement of a registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. Sec. 1114(1). Section 32(1) provides, in relevant part:
 
 
 12
 (1) Any person who shall, without the consent of the registrant--
 
 
 13
 (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
 
 
 14
 (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements ... in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.
 
 
 15
 shall be liable in a civil action by the registrant for the remedies hereinafter provided.
 
 
 16
 It is important to emphasize that only the LOCOMOTOR work mark was registered in the U.S. Patent and Trademark Office. Locomotor's logo and bag design were not registered and, therefore, the district court properly focused on Korus' alleged trademark infringement with regard to Locomotor's word mark. Although when a mark is registered in block letters every form of lettering is covered, including script letters, Locomotor's logo and bag design are relevant only as unregistered trade dress elements and, consequently, are covered by Locomotor's second count under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a). See, e.g., Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393, 398 (9th Cir.) ("The issue in this case is only whether there is a likelihood of confusion arising from similarity of two words .... This action does not pertain to the likelihood of confusion arising from packaging or advertising."), cert. denied, 459 U.S. 967 (1982). The distinction is important as we examine independently the two counts.
 
 
 17
 As a threshold matter, Locomotor presented insufficient evidence of likelihood of confusion in Count One, the trademark infringement claim. Factors relevant to likelihood of confusion for the purposes of a Lanham Act claim include: (1) strength of plaintiff's mark; (2) relatedness or proximity of goods; (3) similarity of marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of product lines. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979); see also White v. Samsung Electronics America, Inc., 971 F.2d 1395, 1400 (9th Cir. 1992), cert. denied, 113 S. Ct. 2443 (1993).[2]
 
 
 18
 It is undisputed that Locomotor and Korus make substantially similar products geared towards the same type of consumer and marketed through the same channels (factors two and five), but these factors alone do not create a triable issue of fact as to likelihood of confusion. See Chesebrough-Pond's, 666 F.2d at 398-99 (affirming summary judgment notwithstanding conclusion that "product lines are identical and that the products move through the same marketing channels to the same outlets for purchase by the same class of customers"). Evaluation of the marks in light of the factors enumerated above indicate that there is no likelihood of confusing the registered LOCOMOTOR mark with the LAKORUS mark.
 
 
 19
 Marks are often classified in categories of generally increasing distinctiveness, following the classic formulation set out by Judge Friendly: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. See Abercrombie & Fitch Co. v. Hunting World, Inc., 537 F.2d 4, 9 (2nd Cir. 1976). As to factor one, a locomotor is defined as "a person or thing with power of locomotion." Webter's New World Dictionary (2d. ed. 1976). The name LOCOMOTOR therefore suggests movement and travel, the very reason for owning luggage. At most, it is a suggestive mark and therefore relatively weak. We do not believe LOCOMOTOR is arbitrary and consequently a strong mark, as urged by Locomotor.
 
 
 20
 In determining the similarity of marks under factor three, "[t]he key elements of the marks are their sight, sound, and meaning." E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1291 (9th Cir. 1992) (citing AMF, 599 F.2d at 351). The words LOCOMOTOR and LAKORUS are dissimilar in meaning, appearance and sound. See Chesebrough-Pond's, 666 F.2d at 397 (MATCH and MACHO differ "both in spelling and in the number of syllables. The marks do not sound the same."); see also Alladin Plastics, Inc. v. Jerrold Stephan Co., 362 F.2d 532, 534 (9th Cir. 1966). Where the marks arguably resemble one another is in their graphic representation on a logo tag containing numerous unregistered design elements, such as banners, color combinations and coats of arms. However, these trade dress elements are protected under Section 43(a)'s false designation of origin provision, not under Section 32(1)'s trademark infringement provision. Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 613 (9th Cir. 1989) ("Thus, to the extent that [plaintiff's] cause of action focuses upon the look and styling of the clothing (including the fabric pattern), along with the color scheme and graphic display embodied in the ... logo, it is a trade dress claim.").
 
 
 21
 Locomotor has produced insufficient evidence of actual consumer confusion under factor four. Korus introduced evidence that consumers are not confused by the registered marks. A trademark attorney testified there was no likelihood of confusion, as did numerous retailers. A survey introduced by Korus further indicated that confusion by customers based on name similarities between LOCOMOTOR and LAKORUS was de minimis. Locomotor introduced conclusory statements by a handful of retailers in form affidavits saying nothing more than that Locomotor bags are "quite famous" in the San Francisco area, that the unregistered logo designs are similar in appearance and that they are aware of incidents of "actual confusion." Appellant's ER 52-65; see Chesebrough-Pond's, 666 F.2d at 397 ("[N]o genuine issue of fact exists as to the marks' dissimilarity. [Appellant's] conclusionary affidavit was insufficient to create a question of fact."). There is no further elaboration in these affidavits. Even if the affidavits are accepted as true, they show that consumers were confused by similar bags, similarities that include design and trade dress elements. Locomotor introduced no evidence whatsoever that consumers were confused or likely to confuse the word mark LOCOMOTOR with LAKORUS.
 
 
 22
 In considering factor six, the evidence shows that the products at issue are inexpensive and purchased by casual shoppers who invest little or no time or care in their selection. See Chesebrough-Pond's, 666 F.2d at 398. There is no evidence that the average consumer of inexpensive imported soft-sided luggage is concerned about whether he or she is buying a Locomotor or Korus bag.
 
 
 23
 The name LAKORUS is sufficiently distinct from LOCOMOTOR to defeat claims of intent to copy Locomotor's word mark under factor seven. Moreover, Korus' explanation for changing its word mark from KORUS to LAKORUS was reasonable. Intent to copy Locomotor's unregistered trade dress elements is relevant only to Locomotor's Section 43(a) claim of false designation of origin.
 
 
 24
 An examination of the eight-factor test supports the district court's conclusion that Locomotor failed as a matter of law to show likelihood of consumer confusion between the word marks LOCOMOTOR and LAKORUS. Consequently, we affirm the district court's grant of summary judgment on Locomotor's first cause of action.
 
 II.
 
 25
 Count Two of Locomotor's complaint was for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a).[3] Section 43(a) is not limited to the protection of registered trademarks, as is Section 32(1), but covers unfair competitive practices as well, creating a cause of action for any person who believes that he or she is or is likely to be damaged by the acts of:
 
 
 26
 (a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
 
 
 27
 (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ...
 
 
 28
 Locomotor's bag designs, color schemes and logo designs are unregistered trade dress elements. "In contrast to a trademark, 'trade dress' refers to the 'total image of a product' and may include features such as size, shape, color, color combinations, texture or graphics." International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993) (citing Vision Sports, 888 F.2d at 613). In order to prevail, "[a] plaintiff seeking to recover for trade dress infringement under section 43(a) must show that its trade dress is protectable and that defendant's use of the same or similar trade dress is likely to confuse customers." Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 841 (9th Cir. 1987).
 
 A.
 
 29
 Locomotor argues on appeal that the district court erred in not considering the potential inherent distinctiveness of its logo design.
 
 
 30
 On March 15, 1993, the district court granted Korus' motion for summary judgment with respect to Locomotor's Section 43(a) claim on the ground that Locomotor failed to demonstrate that its trade dress, including the bag and logo designs, had acquired secondary meaning. The court further concluded that Locomotor failed to introduce competent, admissible evidence in support of its contention that Korus intended to copy its trade dress, thereby precluding an inference of secondary meaning. The opinion did not address whether Locomotor's trade dress was inherently distinctive, nor did Locomotor raise the issue before the court.
 
 
 31
 On June 26, 1992, the Supreme Court held that "proof of secondary meaning is not required to prevail on a claim under Section 43(a) of the Lanham Act where the trade dress at issue is inherently distinctive." Two Pesos, Inc. v. Taco Cabana, Inc., U.S. , , 112 S. Ct. 2753, 2761 (1992). For the first time, the Court has held that in order for a plaintiff to establish that a given trade dress is capable of protection in a Section 43(a) action, it need not prove secondary meaning if it can prove that its trade dress is inherently distinctive, because "withholding protection until secondary meaning has been established would be contrary to the goals of the Lanham Act." Id. Locomotor did not argue before the district court that its logo and trade dress were inherently distinctive. On February 22, 1993, eight months after the Court decided Two Pesos, Locomotor erroneously stated in its Opposition to Korus' Motion for Summary Judgment that "[u]nder Section 43(a), a plaintiff must demonstrate that the mark has acquired secondary meaning." Appellee's SER 319. The district court apparently accepted Locomotor's statement of the law and concluded that Locomotor failed to show secondary meaning. It did not examine the potential inherent distinctiveness of Locomotor's trade dress.
 
 
 32
 In view of our ultimate holding in this case, we are requiring the district court to re-examine the question of inherent distinctiveness in light of the teachings of Two Pesos. The court should consider this issue in conjunction with our remand for trial on the issue of copying and the likelihood of confusion as more specifically set forth in parts B.2 and B.3 below.
 
 B.
 
 33
 Locomotor alternatively argues that, regardless of whether its bags are inherently distinctive, the district court erred in concluding it failed to establish secondary meaning. To defeat summary judgment on this issue, a Section 43(a) plaintiff generally must demonstrate (1) an association by actual purchasers of its trade dress with the source, the degree and manner of use of the trade dress and the exclusivity in use of its trade dress, or (2) proof of copying. See Vision Sports, 888 F.2d at 615.
 
 1.
 
 34
 We conclude that Locomotor failed to meet its burden of showing an association by actual purchasers of the its logo with its products, the degree and manner of its use of the trade dress and whether its use of the trade dress was exclusive. Locomotor introduced no purchaser surveys, which would have provided the most persuasive evidence of secondary meaning. Id. at 615; Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1358 (9th Cir. 1985) (en banc). It introduced no evidence of "image advertising" or the effectiveness of its advertising in creating an association in the minds of consumers. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1383 (9th Cir. 1987). It failed even to show exclusivity in use of its trade dress, as demonstrated by the state trademark owned by AMSCO Luggage Inc., for its virtually identical LANCASTER luggage logo. See Appellee's SER at 811. Locomotor's conclusory statements that its bags were "quite famous" in San Francisco failed to create a triable issue of secondary meaning because the affiants do not state for what Locomotor is famous and to whom. At the same time, the district court concluded that Korus "introduced various uncontroverted items of evidence in support of its contention that Plaintiff's designs have not attained secondary meaning." Appellee's SER at 690. This evidence included a consumer survey, expert testimony and merchant affidavits.
 
 2.
 
 35
 Our inquiry does not end here, however, because "proof of copying strongly supports an inference of secondary meaning." Vision Sports, 888 F.2d at 615; Transgo, Inc. v. AJAC Transmission Parts Corp., 768 F.2d 1001, 1016 (9th Cir. 1985). We conclude that the court erred in determining that Locomotor failed to raise a triable issue of fact as to Korus' intent to copy. That Korus' newly adopted logo is so strikingly similar to Locomotor's with respect to colors, color combinations, lettering style, banner and coat of arms created a triable issue of fact. Moreover, there was evidence that Korus meticulously copied Locomotor's advertisements, down to the grammatical and typographical errors, further evidencing an intent on the part of Korus to copy Locomotor's logo design. In addition, Locomotor introduced an affidavit stating that Korus' President Kyong Un Lim threatened to copy Locomotor's bags if Locomotor did not move away from the San Jose area. Although Korus argues that any threat to copy Locomotor's bags pertained only to Locomotor's unprotected functional bag designs, we conclude that the threat if made was general enough to encompass Locomotor's logo design as well. The cumulative effect of this evidence was that Locomotor made a showing of intent to copy sufficient to defeat a motion for summary judgment on the issue of secondary meaning.
 
 3.
 
 36
 Because a fact question as to secondary meaning is presented, summary judgment in favor of Korus is proper only if Locomotor failed to demonstrate a likelihood of confusion as a matter of law. Vision Sports, 888 F.2d at 613; Fuddruckers, 826 F.2d at 841; First Brands, 809 F.2d at 1383 ("Even if [plaintiff] could prove that a secondary meaning had been attained by [the product's] trade dress, the dispositive issue in trade dress cases is the possibility of consumer confusion as to the source of the product."). In analyzing likelihood of confusion, a trial court must apply the eight-factor test in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979), discussed in Part I. The district court did not conduct such an inquiry in this case because it improperly concluded Locomotor's bags were not entitled to protection as a matter of law. After conducting our own inquiry into the eight factors, we conclude that a triable issue of fact exists as to likelihood of confusion.
 
 
 37
 Because Locomotor's logo design is purely aesthetic and nonfunctional, it is a relatively strong mark (factor one). Korus' apparent efforts to duplicate Locomotor's aesthetic trade dress elements, including Locomotor's color scheme, lettering, banner layout and coat of arms design, provides evidence of similarity and an intent to copy and confuse consumers (factors three and seven). The bags of Locomotor and Korus are virtually identical and sold in the same stores to the same customers, with the same likelihood of product line expansion (factors two, five and eight). Although Locomotor failed to conduct consumer surveys or elicit expert testimony, it did introduce brief form affidavits of merchants stating they were aware of actual customer confusion (factor four). Finally, the evidence shows a relatively low degree of consumer care (factor six).
 
 
 38
 We conclude that Locomotor presented sufficient evidence to create a triable issue of fact as to likelihood of confusion. Consequently, we reverse the district court's grant of summary judgment with respect to Locomotor's false designation of origin claim.
 
 III.
 
 39
 In appeal No. 93-56622, Korus argues that the court erred in imposing Rule 11 sanctions against counsel for Locomotor and not Locomotor itself, in imposing only $10,000 in sanctions against counsel for Locomotor, in not finding this case "exceptional" under 15 U.S.C. Sec. 1117(a) which would have justified an award of attorneys' fees and expenses, in failing to award sanctions under 28 U.S.C. Sec. 1927 and in refusing to penalize Locomotor pursuant to its inherent powers. The standard of review in each of these instances is abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (Rule 11 sanctions); Intel Corp. v. Terabyte Int'l. Inc., 6 F.3d 614, 621 (9th Cir. 1993) (Section 1117(a) awards); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1526 (9th Cir. 1990) (Section 1927 awards); Unigard Sec. Ins. Co. v. Lakewood Eng'g. & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (sanctions under court's inherent powers).
 
 
 40
 We conclude that the district court did not abuse its discretion in declining to impose sanctions against Locomotor, in not finding this case "exceptional" under 15 U.S.C. Sec. 1117(a) and in refusing to award sanctions under 28 U.S.C. Sec. 1927 or its inherent powers.
 
 
 41
 With respect to the $10,000 in Rule 11 sanctions imposed against counsel for Locomotor, we remand for reconsideration in light of our reversal. The district court sanctioned counsel because he "did not initiate or prosecute this matter 'after reasonable inquiry,' and this lawsuit was not 'well grounded in fact and ... warranted by existing law or [by] a good faith argument for [modification] of existing law." Locomotor USA, Inc. v. Korus Co., Inc., No. CV 92-5948, 1993 WL 336299 at * 5 (C.D. Cal. May 17, 1993) (citing Fed. R. Civ. P. Rule 11). It is possible that the court sanctioned counsel for improperly seeking an ex parte temporary restraining order and expedited discovery, in which case sanctions under Rule 11 would be appropriate. It is also possible, however, that it sanctioned counsel because it concluded Locomotor's lawsuit was frivolous, in which case sanctions under Rule 11 would be inappropriate. Without passing on the merits of the sanctions award, we therefore remand the issueof sanctions to the district court for reconsideration in light of our reversal.
 
 IV.
 
 42
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 43
 The judgment of the district court is AFFIRMED in part, REVERSED in part and REMANDED to the district court for further proceedings on the merits only with respect to Locomotor's claims for false designation of origin, 15 U.S.C. Sec. 1125(a), and unfair competition, and for reconsideration of the Rule 11 sanctions imposed against counsel for Locomotor.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Korus asks us to declare Locomotor's appeal frivolous under Fed. R. App. P. Rule 38, which states: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." In light of our reversal in favor of Locomotor, we conclude that its appeal was not frivolous
 
 
 [2]
 We have suggested that a court need not go through all eight AMF factors when the products at issue are not merely similar, but also directly competing. Official Airline Guide v. Goss, 6 F.3d 1385, 1391 (9th Cir. 1993). However, we have not been hesitant to conduct the full AMF analysis even when there was direct competition. See, e.g., Chesebrough-Pond's, 666 F.2d at 398 (examining all eight factors notwithstanding fact that "Chesebrough concedes that the product lines are identical and that the products move through the same marketing channels to the same outlets for purchase by the same class of customers"); see also Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 616 (9th Cir. 1989)
 
 
 [3]
 California state unfair competition claims are "substantially congruent" to claims brought for false designation of origin under 15 U.S.C. Sec. 1125(a). International Order of Job's Daughters v. Lindeburg & Co., 633 F.2d 912, 916 (9th Cir. 1980), cert. denied, 452 U.S. 941 (1981). Consequently, the success of Locomotor's claim under California's unfair competition statute (Count Six) will rise or fall with the success of its claim under Section 1125(a) (Count Two)