50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter H. GRYNER, Plaintiff-Appellant,
v.
Michael T.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 94-15047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided March 6, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Gryner appeals pro se the district court's grant of summary judgment in favor of the Secretary of the Army. Gryner's complaint alleged that the Secretary's termination of his employment as a Czech language instructor at the Army's Defense Language Institute in Monterey, California constituted disability and reprisal discrimination, as well as breach of contract and wrongful discharge.
 
 
 3
 Gryner has a history of problems with his superiors, marked by his inability to perform his duties adequately, his settlement of certain claims against his employer, and his failure to exhaust certain remedies. We have examined the record of this case and believe that a further statement of the facts is not necessary. Gryner argues that the district court erred in determining that (1) his prior settlement of his first EEO complaint barred his disability discrimination claim; (2) his untimeliness barred the disability discrimination claim raised in his second EEO complaint; (3) he failed to exhaust his administrative remedies for his reprisal discrimination claim; and (4) his breach of contract and wrongful discharge claims were preempted by federal statute. We affirm.
 
 
 4
 First, we find that the district court did not err in determining that Gryner's prior settlement bars the disability discrimination claim raised in his first EEO complaint. Gryner's written acceptance of the disposition and his agreement not to pursue the claim any further constituted an accord and satisfaction under California law, releasing the Secretary from further liability. Cal.Civ.Code Secs. 1521-23, 1541; Keppard v. International Harvester Co., 581 F.2d 764, 767 (9th Cir.1978).
 
 
 5
 Second, we find that the district court did not err in determining that the disability discrimination claim raised in Gryner's second EEO complaint was time-barred. Gryner failed to appeal the EEO ruling within thirty days, as required by statute at the time. See 42 U.S.C. Sec. 2000e-16(c) (1980).[1]
 
 
 6
 Third, we find that the district court did not err in determining that Gryner failed to exhaust the available administrative remedies for his reprisal discrimination claim. Because he failed to bring an EEO complaint, his claim cannot be raised in federal court. Greenlaw v. Garrett, 43 F.3d 462, 465 (9th Cir.1994); see also 29 C.F.R. Sec. 1613.281.
 
 
 7
 Finally, we hold that the district court did not err in determining that Gryner's breach of contract and wrongful discharge claims were preempted by federal statute. As a federal employee, Gryner is obliged to pursue the remedies available under the Civil Service Reform Act of 1978. See 5 U.S.C. Sec. 2301 et seq.; Lehman v. Morrissey, 779 F.2d 526, 527 (9th Cir.1985).
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Effective November 21, 1991, the time within which an aggrieved employee may file a civil action was increased from 30 days to 90 days. However, this extension in the filing period does not apply retroactively. Chenault v. United States Postal Serv., 37 F.3d 535, 538-39 (9th Cir.1994)